## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| **VICTOR OSWALD ROBINSON, JR.,**<br><br>    *Plaintiff,*<br><br>**v.**<br><br>**ATHENS-CLARKE COUNTY, GEORGIA,** *et al.,*<br><br>    *Defendants.* | **CIVIL ACTION NO.**<br>**3:26-cv-00053-TES** |

### ORDER

Before the Court is Pro Se Plaintiff Victor Oswald Robinson, Jr.'s Motion for Appointment of Counsel, presumably brought under 28 U.S.C. § 1915(e)(1). *See* [Doc. 3]. In his Motion, Plaintiff asserts that this case "involves complex constitutional and medical issues" and that the case requires "extensive discovery, expert medical evidence, and identification of unknown defendants." [*Id.* at p. 1]. Plaintiff also alleges that he "has made diligent efforts to obtain counsel" and that "the interests of justice support appointment of counsel." [*Id.*].

A civil litigant has no absolute constitutional right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, the appointment of counsel is a privilege, which is justified only by exceptional circumstances, such as when the facts and legal issues are so novel or complex as to require the assistance of

counsel. *Id.* at 1028. Here, the Court has considered the matter's complexity and Plaintiff's ability to prosecute his claims. The Court is unable to identify any exceptional circumstances, such as novel or complex facts and legal issues, that would require the appointment of counsel. As such, the Court exercises its discretion and denies the appointment of counsel for Plaintiff. *See* 28 U.S.C. § 1915(e)(1).

**SO ORDERED**, this 15th day of May, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**